UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL ANTHONY SENO, SR., | ) | Civil No. 05cv1139 J (LSP) |
| Petitioner, | ) | **ORDER:** |
| v. | ) | **1) ADOPTING, MODIFYING, AND REJECTING, IN PART, MAGISTRATE JUDGE PAPAS' REPORT AND RECOMMENDATION;** |
| ROBERT J. HERNANDEZ, Warden, | ) | |
| Respondent. | ) | |
| | ) | **2) GRANTING MOTION TO DISMISS;** |
| | ) | **3) DISMISSING GROUNDS TWO AND THREE IN THEIR ENTIRETY, AND GROUND FOUR IN PART, WITHOUT PREJUDICE TO REFILING IN SEPARATE PETITIONS; AND** |
| | ) | **4) DISMISSING WITH PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254** |

Before the Court is Magistrate Judge Leo S. Papas' Report and Recommendation ("R&R") recommending that the Court grant the instant Motion to Dismiss and deny pro se Petitioner Michael Anthony Seno, Sr.'s Petition for Writ of Habeas Corpus. [Doc. No. 14.] On

1                                                                                                              05cv1139 J (LSP)

December 28, 2005, Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2254. [Doc. No. 8.] On February 28, 2006, Respondent Robert J. Hernandez, Warden of the Richard J. Donovan Correctional Facility, where Petitioner is confined, filed a Motion to Dismiss the Petition [Doc. No. 11]; Petitioner has not opposed the Motion. The Magistrate Judge issued the R&R on May 1, 2006. [Doc. No. 14.] To date, no objections have been filed. For the reasons discussed below, the Court **ADOPTS**, **MODIFIES,** and **REJECTS** the R&R**, in part**, and **GRANTS** Respondent's Motion to Dismiss.

### *Background*

Petitioner is in state custody pursuant to three unrelated convictions: 1) a conviction for petty theft in May 2004; 2) a conviction for failure to register as a sex offender in July 2004; and 3) a conviction for failure to appear at a sentencing hearing in February 2005. (*See* R&R at 2.) On June 16, 2004, while serving time for petty theft, Petitioner filed a state habeas petition in the San Diego Superior Court, alleging that the sentencing court had been provided false and misleading information with regard to the status of his illness. (*See id*.) He argued that contrary to the mistaken information the court had received to show that he was not terminally ill, he was, in fact, terminally ill with renal cancer and had, he believed, only eight months to live. (*See id*.) Petitioner sought an evidentiary hearing and resentencing, stating that he did not want to die in jail. (*See id*.) On July 13, 2004, the Superior Court denied Petitioner's requests. (*See id*.)

On July 6, 2004, Petitioner pled guilty to failing to register as a sex offender, and on February 9, 2005, Petitioner pled guilty to one count of failure to appear. (*See id*. at 3.) On July 26, 2005, Petitioner filed a petition challenging the Superior Court's award of presentence and good-conduct credits in the petty-theft and failure-to-register cases. (*See id*.) On August 16, 2005, the Superior Court denied relief to Petitioner. (*See id*.) On December 28, 2005, Petitioner filed the instant Petition, pertaining to his petty theft conviction, in this Court.[1] [Doc. No. 8.] In

---

[1] Petitioner had already twice filed federal habeas Petitions in this Court; each was dismissed without prejudice upon the Court's finding that Petitioner had failed to allege exhaustion of state judicial remedies. [Doc. Nos. 1, 3, 6, 7.] While the original Petition would appear to have been brought pursuant to Petitioner's conviction for failure to appear, the Court **CONSTRUES** the instant Second Amended

its second Order Dismissing Case without prejudice, the Court also found that Petitioner had failed to state a cognizable federal claim. (*See* Sec. Order Dismissing Case w/out Prej. at 3-4.)

## *Legal Standard*

The duties of the district court in connection with a magistrate judge's R&R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (2005). The district court must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2005); *see United States v. Raddatz*, 447 U.S. 667, 676 (1980).

Before a federal court may grant a petitioner habeas relief, the petitioner is required to exhaust all available state court remedies with respect to all claims contained in the petition. *See* 28 U.S.C. § 2254(b) (1996); *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003). Furthermore, exhaustion requires that the petitioner give the highest state court a "fair opportunity" to address each claim before presenting the claims in a federal habeas petition. *Kelly*, 315 F.3d at 1066-69; *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (finding that to properly exhaust a habeas claim, "a petitioner must present his claim to the state supreme court"). Moreover, the petitioner "must describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based 'so that the [court has] a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.' " *Kelly*, 315 F.3d at 1066 (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).

Once the state's highest court considers the habeas petition, that court's denial of the petition without opinion or citation is sufficient to satisfy the exhaustion requirement. *See Harris v. Superior Court*, 500 F. 2d 1124, 1128-29 (9th Cir. 1974); *see also Hunter v. Aispuro*, 982 F.2d

---

Petition as being brought pursuant to Petitioner's conviction for petty theft. *Compare* Pet. at 1-2 (citing February 9, 2005, as the date of judgment of conviction and "failure to appear for sentencing" as the underlying offense) *with* Sec. Am. Pet. at 1-2 (citing May 5, 2004, as the date of judgment of conviction and "petty theft with prior" as the underlying offense); *see also, e.g., Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) (stating that it is the court's duty to construe pro se motions and pleadings liberally).

344, 348 (9th Cir. 1992) (finding that the "California Supreme Court's summary order denying [the] petition was a denial on the merits"). Upon satisfaction of the exhaustion requirement, a federal court may consider the merits of a petitioner's habeas claims. *See* 28 U.S.C. § 2254(b) (1996). However, where a federal habeas petition contains both exhausted and unexhausted claims, the court must dismiss the petition without prejudice. *See id.*; *see Rose v. Lundy*, 455 U.S. 509, 510 (1982).

## *Discussion*

There being no objections to the findings contained in the R&R, the Court assumes the correctness of the facts as set forth therein. Upon conducting a de novo review of the Magistrate Judge's conclusions of law, the Court **FINDS** that the R&R rightly concludes that Petitioner is not entitled to habeas relief for three reasons: 1) Petitioner has failed to raise a cognizable federal claim; 2) even if the Petition could be construed to present a cognizable federal claim, Petitioner must bring those claims in separate petitions; and 3) Petitioner has failed to exhaust his claims. In addition, the Court **FINDS** that Petitioner will be procedurally barred from refiling the instant Petition and that it therefore warrants dismissal with prejudice. The Court **MODIFIES** the R&R by contributing this finding, and **REJECTS** the R&R with respect to its Recommendation only, determining, in accordance with Respondent's argument in his Motion to Dismiss, that a dismissal, rather than a denial, of the Petition is warranted.

### I.     Petitioner Has Failed to Raise a Cognizable Federal Claim

The Magistrate Judge correctly finds that Petitioner has failed to meet his burden of raising a federal claim. (*See* R&R at 4 (citing 28 U.S.C. § 2254(a)). Petitioner raises four grounds for relief: 1) that the trial court, prosecutor, and defense counsel knowingly permitted the charge of failure to appear to be severed from the petty-theft case in violation of state law barring double jeopardy; 2) that the trial court impermissibly imposed a two-year concurrent sentence in his failure-to-register case; 3) that state law barring double jeopardy was violated in the sentencing he received for failure to appear and a two-year consecutive enhancement; and 4)

that state law barring double jeopardy was violated for the trial court's severing of the petty-theft and failure-to-appear charges and for its failure to consider his deteriorating health. As the Magistrate Judge correctly observes, on all four grounds for relief Petitioner invokes only state law, rather than federal law. Petitioner thus fails to make the requisite showing of fundamental unfairness or errors of federal constitutional magnitude. *See Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989) (stating that federal courts are not concerned with errors of state law unless they rise to level of constitutional violation); *see also Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) (citing *Bueno v. Hallahan*, 988 F.2d 86, 88 (9th Cir.1993)) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). This Court thereby **FINDS**, in accordance with the Magistrate Judge's finding, that on these grounds alone, the Petition warrants dismissal.

## II.     Grounds Two and Three, and Part of Ground Four, Must Be Brought in Separate Petitions as They Do Not Concern the Petty Theft Case

The Court concurs with the Magistrate Judge's finding that "of Petitioner's four grounds for relief, only the petty theft case raised in ground one and the failure to address medical problems in sentencing allegation raised in ground four may be addressed in this Petition" and that, therefore, "[t]he remaining claims in grounds two through four must be dismissed." (R&R at 6.) Ground two raises a challenge not to the petty-theft case, but to a separate failure-to-register case. (*See id*. at 5.) Likewise, ground three fails to raise a challenge to the petty-theft case, but instead addresses the failure-to-appear case. (*See id.* at 5-6.) Ground four is in part a restatement of the double jeopardy claims of grounds one and two. (*See id.* at 6.) As a result, grounds two and three, and that part of ground four which restates ground two must be raised in separate Petitions. (*See* Rules Governing § 2254 Cases, Rule 2(e), 28 U.S.C.A. foll. § 2254 ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.") Accordingly, the Court **DISMISSES** these elements of the instant Petition **without prejudice** to Petitioner's bringing them again in separate federal habeas petitions upon their proper exhaustion in state court.

### III. Petitioner's Claims Are Unexhausted

With grounds two and three dismissed in their entirety, and with ground four dismissed in part, what survives in the instant Petition is ground one, in which Petitioner raises a challenge to the petty-theft case, and one of Petitioner's claims in ground four, alleging the sentencing court's impermissible showing of neglect for Petitioner's deteriorating health.  Yet there is no indication in the record to suggest that Petitioner has presented any of his claims to the state courts.[2]  The Magistrate Judge duly cites to controlling case law in support of the proposition that in order to "satisfy the exhaustion requirement a petitioner must first provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his [or her] constitutional claim." (R&R at 6 (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982.))  Since the state courts have not had an opportunity to rule on the merits of any of Petitioner's claims, Petitioner's surviving claims must also be dismissed. *See, e.g., Rose*, 455 U.S. at 520 (stating that 28 U.S.C. 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court").

### IV. Petitioner Is Procedurally Barred from Refiling the Instant Petition

The question remaining for this Court is whether Petitioner's surviving claims should be dismissed with or without prejudice.  The Magistrate Judge has declined to render a finding on the question of timeliness of the instant Petition, concluding that he "need not address Respondent's argument as to the statute of limitations" in light of the fact that he has "found the Petition to be unexhausted." (R&R at 7.)  However, the Court considers this question to be central to the issue of whether the instant Petition may be brought in this Court at a later date.  Thus, this Court **MODIFIES** the R&R, finding that for lack of conformity with the filing requirements as set forth under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the surviving claims in the instant Petition must be dismissed **with prejudice**.

---

[2] It is the finding of the Magistrate Judge and this Court that, in fact, Petitioner has not exhausted any of the claims he presents in his Petition. (*See* R&R at 6-7.)

Petitioner filed the instant Petition in this Court on December 28, 2005. [Doc. No. 8.] It is therefore subject to review under the AEDPA standards, which govern habeas petitions filed after April 24, 1996. A petitioner has a period of one year to file a motion under 28 U.S.C. § 2254. It is from the latest of four possible dates that the one-year period shall run:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (1996).

Respondent correctly argues that the instant Petition is not timely. (*See* Mem. Supp. Mot. Dismiss 6-9). Petitioner therefore confronts an absolute time bar to refiling his Petition, even should he manage to exhaust his surviving claims. *See Jimenez v. Rice*, 276 F.3d 478, 482. Petitioner's state-court judgment in the petty-theft case became final on July 9, 2004.[3] Pursuant both to the mailbox rule and to statutory tolling, the AEDPA statute of limitations was scheduled to expire on October 31, 2005.[4] Yet, Petitioner did not file the instant Petition until

---

[3] Although judgement was entered on May 10, 2004, pursuant to the California Rules of Court, Petitioner had sixty days to file a notice of appeal after entry of judgment. *See* Cal. Rules of Court, Rule 30.1.

[4] Petitioner submitted four applications for relief to the Superior Court, on June 16, 2004, and a fifth on July 7, 2004, all of which were denied on July 13, 2004 (Ldgm'ts 7, 8, 9, 10), tolling the statute of limitations from July 9, 2004, the date on which it started to run, to July 13, 2004. *See Tillema v. Long*, 253 F.3d 494, 498 (9th Cir. 2001). The limitations period was then set to expire on July 13, 2005. However, Petitioner also submitted three requests for modification of sentence to the Superior Court on August 2 and August 26, 2004, and July 20, 2005, respectively. (Ldgm'ts 11, 13, 15.) These requests were respectively denied on August 16 and November 1, 2004, and August 16, 2005. (Ldgm'ts 12, 14, 16.) With constructive filing, these filings tolled the limitations period for fifteen, sixty-seven, and

1  approximately two months after his grace period had terminated. Petitioner has not shown cause
2  for such a delay.[5] Thus, in light of the fact that Petitioner has not complied with the applicable
3  rules governing the statute of limitations for federal habeas appeals, the Court **FINDS** that what
4  claims remain in his Petition may not be refiled and **DISMISSES** them with prejudice. *See*
5  *Jimenez*, 276 F.3d at 482-83 (holding that when all claims raised in petition are unexhausted and
6  petitioner has "exceeded the time for filing another federal petition ... dismissal with prejudice
7  [is] appropriate").

*Conclusion*

10  For the foregoing reasons, the Court **ADOPTS**, **MODIFIES**, and **REJECTS**, in part, the
11  R&R, and **GRANTS** the Motion to Dismiss. The Court **ADOPTS** all of the Magistrate Judge's
12  findings of grounds for dismissal. The Court augments these findings with the additional finding
13  that Petitioner is procedurally barred from refiling the instant Petition and thereby **MODIFIES**
14  the R&R. The Court **REJECTS** the R&R as to its Recommendation only: the Court
15  **DETERMINES** that dismissal, rather than denial, of the Petition is warranted. In accordance
16  with its partial adoption, modification, and rejection of the R&R, the Court **DISMISSES**
17  grounds two and three, and that part of ground four which restates ground two **without**
18  **prejudice** to Petitioner bringing them again in separate Petitions upon proper exhaustion in state
19  court, and **DISMISSES** the remainder of the Petition **with prejudice**.

20  **IT IS SO ORDERED.**

21  DATED: September 27, 2006

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Papas
    All Counsel of Record

---

twenty-eight days respectively, postponing the date of expiration to October 31, 2005.

[5] Petitioner has also failed to present any equitable tolling or equitable estoppel claims to this Court.